[No. 7300.   Decided July 28, 1908.]

THE CITY OF SEATTLE, *Respondent*, v. FRANK BUTY, *Appellant*.[1]

APPEAL—REVIEW—WAIVER—INCONSISTENT THEORIES.   Where, in an action brought by a city to determine the damages to abutting property by a regrade, the defendant moved to dismiss the action for the reason that the city had failed to show any damage, the defendant cannot urge error in the direction of a verdict of no damages for the plaintiff because the jury viewed the premises and the question of damages should have been submitted to it.

Appeal from a judgment of the superior court for King county, Poindexter, J., entered December 7, 1906, upon the verdict of a jury rendered in favor of the plaintiff by direction of the court, in an action to determine the damages to abutting property owners from the regrade of street.   Affirmed.

*William C. Keith* (*F. R. Conway*, of counsel), for appellant.

*Scott Calhoun* and *O. B. Thorgrimson*, for respondent.

PER CURIAM.—This proceeding was instituted by the city of Seattle to ascertain and determine the damages resulting to abutting property owners from the regrade of Jackson street in that city.   Two witnesses on the part of the city testified that the lot owned by the defendant Buty would be benefited by the regrade from $50,000 to $75,000.   No further testimony was offered on the question of damages or benefits by either side, and the court directed the jury to return a verdict of no damages.   From the judgment entered on this verdict, the present appeal is prosecuted.

In support of his appeal, the appellant earnestly insists that inasmuch as all the testimony in the case was expert or opinion evidence, and the jury viewed the premises, the court

[1]Reported in 96 Pac. 962.

was in error in taking the question of damages from the jury. But in view of the position taken by the appellant in the court below, he cannot be heard to make his present contention before this court. At the close of the testimony, the appellant moved the court to dismiss the action for the reason that the city had failed to show any damage to his property. For the like reason respondent moved for a directed verdict of no damages. Both parties took the position before the lower court that there was no question of damages for the jury to pass upon; they only differed as to the form of the judgment that should be entered. For aught that appears, the question of damages would have been submitted to the jury had the appellant taken the same position in the lower court that he now takes in this court. We must therefore refuse to consider the question discussed in the briefs and argument, and the judgment of the court below will be affirmed.